CSD 1160 [05/15/03]
Name, Address, Telephone No. & I.D. No.

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

_____
Debtor.

BANKRUPTCY NO.

_____
Moving Party

RS NO.

_____
Respondent(s)

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☐ REAL PROPERTY    ☐ PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was filed on _____.

2. Procedural Status:
   a. ☐ Name of Trustee Appointed *(if any)*:

   b. ☐ Name of Attorney of Record for Trustee *(if any)*:

   c. ☐ *(Optional)* Prior Filing Information:
   Debtor has previously filed a Bankruptcy Petition on:_____.
   If applicable, the prior case was dismissed on: _____.

   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

Movant alleges the following in support of its Motion:

1. ☐ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):

   c. Legal description of property is attached as Exhibit A.

CSD 1160

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $_____.

    f.    *Nature of Debtor's interest in the property:

2. ☐ The following personal property is the subject of this Motion *(describe property)*:

    a.    Fair market value of property as set forth in the Debtor's schedules: $_____.

    b.    Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $_____.

4. *Nature of Movant's interest in the property:

5. *Status of Movant's loan:
   a. Balance owing on date of Order for Relief:    $_____
   b. Amount of monthly payment:    $_____
   c. Date of last payment:    _____
   d. If real property,
      i. Date of default:    _____
      ii. Notice of Default recorded on:    _____
      iii. Notice of Sale published on:    _____
      iv. Foreclosure sale currently scheduled for:    _____
   e. If personal property,
      i. Pre-petition default:    $_____    No. of months:_____
      ii. Post-petition default:    $_____    No. of months:_____

6. *(If Chapter 13 Case, state the following:)*
   a. Date of post-petition default:    _____
   b. Amount of post-petition default:    $_____

7. Encumbrances:
   a. Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN)<br>Pre-Petition Arrearages<br>Total Amount - # of Months | Post-Petition Arrearages<br>Total Amount - # of Months | |
|---|---|---|---|---|
| 1st: | | | | |
| 2nd: | | | | |
| 3rd: | | | | |
| 4th: | | | | |
| Totals for all Liens: | $ | $ | $ | |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

8. Relief from the automatic stay should be granted because:

    a. ☐ Movant's interest in the property described above is not adequately protected.

    b. ☐ Debtor has no equity in the ☐ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

    c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

        i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

        ii. the Debtor/Trustee has

            (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

            (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

    d. ☐ *Other cause exists as follows *(specify)*: ☐ See attached page.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

Movant attaches the following:

1. ☐ Other relevant evidence:

2. ☐ *(Optional)* Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☐ Relief as requested.

☐ Other:

Dated:

_____
[Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

# EXHIBIT A

A CONDOMINIUM COMPRISED OF SEPARATE INTEREST IN LIVING UNIT NO. 3122 AS SHOWN ON THE RESERVES AT MADISON PARK CONDOMINIUM PLAN (THE PLAN) RECORDED IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER OF RIVERSIDE COUNTY STATE OF CALIFORNIA ON OCTOBER 1, 2004 AS INSTRUMENT NO. 2004-784201 AND AS FURTHER DESCRIBED IN THAT DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS OF RESERVES AT MADISON PARK (THE DECLARATION) RECORDED IN THE OFFICIAL RECORDS OF THE COUNTY RECORDER OF RIVERSIDE COUNTY, STATE OF CALIFORNIA ON OCTOBER 1, 2004 AS INSTRUMENT NO. 2004-784200, AN UNDIVIDED ONE-EIGHTIETH INTEREST (1/80TH) IN THE COMMON AREA (EXCLUDING ANY PORTION OF ANY OF THE OTHER LIVING UNITS LOCATED ON LOTS 1 AND 2 OF TRACT NO. 31049) AS DESCRIBED IN THE PLAN AND THE DECLARATION, WHICH CONDOMINIUM IS LOCATED ON LOTS 1 AND 2 RESERVES AT MADISON PARK, CITY OF MURRIETA, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF FILED IN BOOK 357 PAGES 32 THROUGH 34 (MAP) RIVERSIDE COUNTY RECORDS, AND THE EXCLUSIVE RIGHT TO USE THOSE PORTIONS OF THE COMMON AREA OVER WHICH EXCLUSIVE EASEMENTS HAVE BEEN RESERVED FOR THE BENEFIT OF UNIT 3122 AS SHOWN ON THE PLAN.

EXCEPTING THEREFROM AND RESERVING THE EASEMENTS AS DEFINED AND SET FORTH IN SECTION 15.6 (INCLUDING SUBSECTIONS 15.6.1 THROUGH 15.6.2) OF THE DECLARATION AND THOSE RECIPROCAL ACCESS EASEMENTS, IF ANY, RESERVED AND SET FORTH DIRECTLY ON THE MAP.

FURTHER EXCEPTING THEREFROM ALL NUMBERED LIVING UNITS OTHER THAN CONVEYED AS PARCEL 1 ABOVE, AND THOSE PORTIONS OF THE COMMON AREA, IF ANY, AS DEFINED IN THE DECLARATION AND/OR SHOWN IN THE PLAN WHICH ARE OWNED EXCLUSIVELY BY THE ASSOCIATION OR WHICH ARE ASSIGNED FOR THE EXCLUSIVE USE OF ANOTHER OWNER.

FURTHER EXCEPTING THEREFROM ANY FUTURE COMMON AREA PARCEL SPECIFICALLY GRANTED SOLELY TO THE MADISON PARK VILLAS OWNERS ASSOCIATION.